**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| KHAE MOUANG SAETERN,<br><br>Petitioner,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>Respondent. | No. 22-1577<br><br>Agency No.<br>A072-589-580<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 5, 2023**
Honolulu, Hawaii

Before: BERZON, MILLER, and VANDYKE, Circuit Judges.

Khae Mouang Saetern petitions for review of a decision of the Board of

Immigration Appeals affirming an immigration judge's denial of her applications

for cancellation of removal, withholding of removal, asylum, and protection under

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

1

the Convention Against Torture (CAT). We dismiss the petition in part and deny it in part.

1. Saetern does not challenge the agency's denial of withholding of removal, asylum, or CAT relief. She instead argues that the agency erred in denying cancellation of removal. We lack jurisdiction to review the discretionary denial of cancellation of removal. 8 U.S.C. § 1252(a)(2)(B)(i); *Patel v. Garland*, 142 S. Ct. 1614, 1618 (2022); *Molina-Estrada v. INS*, 293 F.3d 1089, 1093 (9th Cir. 2002). We therefore dismiss the petition in relevant part.

2. Saetern also argues that the Board erred in affirming the immigration judge's denial of her motion to permit telephonic testimony from her mother and sister. This argument raises a procedural due process challenge, which we have jurisdiction to consider under 8 U.S.C. § 1252(a)(2)(D).

An immigration judge can violate due process by preventing the introduction of "significant testimony." *Lopez-Umanzor v. Gonzales*, 405 F.3d 1049, 1056–57 (9th Cir. 2005). We will set aside the Board's "decision on due process grounds only if the underlying . . . proceeding was 'so fundamentally unfair that the alien was prevented from reasonably presenting [her] case.'" *Rizo v. Lynch*, 810 F.3d 688, 693 (9th Cir. 2016) (quoting *Platero-Cortez v. INS*, 804 F.2d 1127, 1132 (9th Cir. 1986)). "Even if a removal hearing was conducted in a fundamentally unfair manner, a 'petitioner must show prejudice, which means that the outcome of the

proceeding may have been affected by the alleged violation.'" *Id.* (quoting

*Zolotukhin v. Gonzales*, 417 F.3d 1073, 1076 (9th Cir. 2005)).

Although the immigration judge did not permit telephonic testimony from

Saetern's mother or sister, Saetern was allowed to submit declarations from each

potential witness regarding her family circumstances and the potential hardships

they might face if she were removed. Saetern has not explained what information

her mother and sister could have provided at the hearing that would not have been

cumulative of the evidence in the record. So, even assuming that the immigration

judge's exclusion of the telephonic testimony was a procedural due process

violation, Saetern has not shown prejudice. We therefore deny this portion of the

petition.

3. Saetern also argues that the Board erred in finding that she is a native and

citizen of Thailand. If her argument is that the Board's alleged misidentification of

her native country tainted its discretionary denial of cancellation of removal, we

lack jurisdiction to consider that argument. 8 U.S.C. § 1252(a)(2)(B)(i); *Patel*, 142

S. Ct. at 1627.

To the extent that Saetern challenges the Board's designation of Thailand as

the country of removal, substantial evidence supports the Board's finding. Saetern,

through counsel, admitted she is a native and resident of Thailand. Based on the

record before the agency, a reasonable adjudicator would not be compelled to

conclude that Saetern is not a native and citizen of Thailand. *See* 8 U.S.C.

§ 1252(b)(4)(B). We deny this part of the petition.

The motion to stay removal (Dkt. No. 6) is denied.

**PETITION DISMISSED in part and DENIED in part.**